IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY AS SUBROGEE OF SCOTT DABNEY<br>*Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |
| v. | §<br>§ | DISTRICT JUDGE:<br>_____ |
| DANIEL F. JOHNSON, INDIVIDUALLY AND D/B/A SAILOR DAN MAINTENANCE AND REPAIR<br>*Defendant* | §<br>§<br>§<br>§<br>§ | MAGISTRATE JUDGE:<br>_____ |

## ORIGINAL COMPLAINT AND REQUEST FOR TRIAL BY JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Progressive Casualty Insurance Company as subrogee of Scott Dabney, and files this Complaint against Defendant, Daniel F. Johnson, Individually and d/b/a Sailor Dan Maintenance and Repair, and would respectfully show the Court the following:

### PARTIES

1. Plaintiff, Progressive Casualty Insurance Company ("Progressive") is an insurance company authorized to conduct business in the State of Texas, with its principal place of business located at 6300 Wilson Mills Road, W33, Cleveland, Ohio 44143.

2. Defendant, Daniel F. Johnson, Individually and d/b/a Sailor Dan Maintenance and Repair ("Defendant") is an individual doing business as Sailor Dan Maintenance and Repair that is unincorporated under the laws of the State of Texas.

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*                                                                 *Page 1 of 8*

3. Defendant has its principal place of business in the State of Texas. Defendant may be served with process at **304 Hickory Lane, Weatherford, Texas 76086.** *Issuance of summons is requested at this time.*

## JURISDICTION AND VENUE

4. Progressive's subrogated claims arose in conjunction with the March 8, 2021 partial submersion of a personal watercraft while docked in Palo Pinto County, Texas. Jurisdiction of this Court arises under Admiralty Jurisdiction pursuant to 28 U.S.C § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of Texas.

## FACTS

6. Scott Dabney is an individual resident of the State of Texas ("Dabney") and the owner of a 2005 Cobalt 360 Performance Cruiser bearing Hull Identification Number FGE36002E405 (the "Boat").

7. In or around December 2020, Defendant was hired to winterize the Boat in preparation for winter and to protect the Boat and its components from damage due to potential freezing temperatures during the winter months.

8. On or about February 25, 2021, Dabney was advised by employees at the Patterson PK Marina that the Boat was placed into the water following wax/wet sanding the day before, and the Boat was discovered to be taking on water.

9. Once the Boat was lifted out of the water, it was discovered that water inundated the hull, cabin, and the engine.

10. A survey of the damage and cause of loss was performed.

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*                                            *Page 2 of 8*

11. During the survey investigation, it was determined that the cause of the partial submersion of the Boat was directly related to the air conditioner strainer being damaged.

12. The air conditioner strainer glass was found to be broken at two of the bolt flanges that hold the glass in place. Images depicting the damage to the strainer glass are shown in images 1 and 2 as follows:

       

Image 1                                                       Image 2

13. This type of damage to the air conditioner strainer allowed a large amount of water to enter the Boat very quickly.

14. The cause determination for the broken air conditioner strainer was freeze damage indicating the system had not been properly winterized, as the winterization of the on board generator would be included in the necessary scope of a proper winterization procedure.

15. The damage sustained to the Boat was a direct result of Defendant's failure to properly winterize the Boat.

16. Following this loss, Dabney filed an insurance claim with his insurer, Progressive Casualty Insurance Company.

Original Complaint and Demand for Trial by Jury
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*                                                                 *Page 3 of 8*

17. Pursuant to the terms of the policy issued to Dabney, Progressive issued payments to or on behalf of Dabney for the covered damages as a result of this loss.

18. Having made payments to or on behalf of its insured, Progressive stands in the shoes of Dabney to the extent of said payments and asserts its subrogation rights in this lawsuit.

19. The causes of action set out below are not barred by limitations because the discovery rule applies to Progressive's claims.

20. Specifically, Defendant's wrongful acts were inherently undiscoverable at the time they occurred and were not discovered until February 25, 2021, despite the exercise of reasonable diligence.

21. By their nature, Defendant's wrongful acts and the resulting damages can be objectively verified.

## CAUSES OF ACTION

*Breach of Contract to Perform Winterization*

22. For its first cause of action against Defendant, Progressive re-pleads, re-states and re-alleges the previous paragraphs above as if set forth fully herein and would show the Court as follows:

23. Dabney and Defendant entered into an agreement in which Defendant would winterize the Boat.

24. Defendant did not perform his contractual obligations.

25. Defendant failed to properly winterize the Boat, specifically the air conditioner / generator strainer was found to be broken at two of the bolts that hold the glass in place, thereby allowing a large amount of water to enter the Boat quickly.

26. Defendant's nonperformance is a breach of the agreement.

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*                                                                 *Page 4 of 8*

27. Progressive sustained damages as a direct result of Defendant's breach of its duties for winterization of the Boat.

*Negligence*

28. For its second cause of action against Defendant, Progressive re-pleads, re-states and re-alleges the previous paragraphs above as if set forth fully herein and would show the Court as follows:

29. Defendant owed a duty of reasonable care with respect to its work on the Boat.

30. Through the acts of its authorized agents, employees, and/or representatives, Defendant breached his duty in one or more of the following respects:

 (a) Failing to winterize the Boat adequately and properly;

 (b) Failing to use reasonable care to prevent the loss and damage;

 (c) Failing to inspect the Boat to ensure there was no damage to the Boat before and after the winterization process;

 (d) Performing and/or allowing its work to be performed in a manner that it knew or should have known would subject Dabney and/or Progressive to the unreasonable risk of harm to the Boat;

 (e) Failing to take reasonable and necessary precautions and safeguards to prevent the risk of damage to the Boat; and

 (f) Otherwise, failing to exercise reasonable care under the circumstances.

31. Each of the above-referenced acts and omissions, singly and/or in combination with others, constituted negligence which proximately caused the damages suffered by Dabney and/or Progressive, which are in excess of the minimum jurisdictional limits of this court.

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*                                                                            *Page 5 of 8*

*Breach of Implied Warranty – Good and Workmanlike Performance*

32. Defendant performed services for the repair or modification of existing tangible goods or property, namely Defendant was performing winterization of the Boat

33. In doing so, Defendant impliedly warranted to perform the entirety of its work and services in a good and workmanlike manner.

34. Defendant breached this implied warranty in one or more of the following respects:

    (a) Failing to winterize the Boat adequately and properly;

    (b) Failing to use reasonable care to prevent the loss and damage;

    (c) Failing to inspect the Boat to ensure there was no damage to the Boat before and after the winterization process;

    (d) Performing and/or allowing its work to be performed in a manner that it knew or should have known would subject Dabney and/or Progressive to the unreasonable risk of harm to the Boat;

    (e) Failing to take reasonable and necessary precautions and safeguards to prevent the risk of damage to the Boat; and

    (f) Otherwise, failing to exercise reasonable care under the circumstances.

35. Defendant's breach of its duty to Dabney and/or Progressive proximately caused Progressive's damages herein.

*Respondeat Superior*

36. The above acts were committed by employees, agents, representative, and/or authorized personnel on behalf of Defendant, so that Defendant may be held liable under the doctrine of *respondeat superior*.

**CONDITIONS PRECEDENT**

37. All conditions precedent have been performed or have occurred.

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and
d/b/a Sailor Dan Maintenance and Repair*   *Page 6 of 8*

38. Prior to filing this lawsuit, Progressive presented its claim to Defendant, but Defendant refused to honor its obligations and denied the claim.

## JURY DEMAND

39. Progressive hereby requests a trial by jury.

## DAMAGES

40. As a direct and proximate result of Defendant's conduct, Progressive suffered the following damages:

    a. Property damage to the Boat;

    b. Costs of survey following the constructive total loss; and

    c. Attorney's fees.

41. Progressive's damages to date as a result of Defendant's acts or omission are $57,722.64.

42. Any limitation on remedies provided by Defendant has failed of its essential purpose.

## PRAYER

For these reasons, Progressive asks for judgment against Defendant for the following:

(1) Actual damages for the fair market value of the Boat on the date of the loss;

(2) Reasonable attorney's fees;

(3) Prejudgment and post-judgment interest;

(4) Costs of suit; and

(5) All other relief the Court deems appropriate and to which Progressive may show itself to be justly entitled.

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*                                    *Page 7 of 8*

                              Respectfully submitted,

                              DOYEN SEBESTA & POELMA, LLLP

By:   */s/ Randall J. Poelma, Jr.*
       Randall J. Poelma, Jr.
       Texas Bar No. 24047823
       rpoelma@ds-lawyers.com
       16945 Northchase Drive, Suite 1400
       Houston, TX 77060
       713-580-8900 Main
       713-580-8900 Facsimile
       E-service:  rjpgroup@ds-lawyers.com
       ATTORNEY FOR PLAINTIFF,
       PROGRESSIVE CASUALTY
       INSURANCE COMPANY AS
       SUBROGEE OF SCOTT DABNEY

**Original Complaint and Demand for Trial by Jury**
*Progressive a/s/o Scott Dabney v. Daniel F. Johnson, Individually and*
*d/b/a Sailor Dan Maintenance and Repair*        *Page 8 of 8*